J-S67023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE ANTONIO RAMOS | : | |
| | : | |
| Appellant | : | No. 1766 MDA 2018 |

Appeal from the PCRA Order Entered October 4, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0003982-2012

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY DUBOW, J.:          **FILED FEBRUARY 12, 2020**

Appellant, Jose Antonio Ramos, appeals from the Order entered October 4, 2018, which dismissed his Petition for collateral relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We vacate the Order and remand with instructions.

In January 2014, a jury convicted Appellant for Failure to Comply with Registration Requirements.[1]  Appellant timely appealed; this Court affirmed the Judgment of Sentence, and the Pennsylvania Supreme Court denied his Petition for allowance of appeal.  ***Commonwealth v. Ramos***, 122 A.3d 441 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 126 A.3d 1284 (Pa. 2015).

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 4915(a)(3) (effective July 5, 2012 to December 19, 2012). Appellant's conduct occurred prior to the expiration of the statute.

In December 2015, Appellant timely filed a Petition for collateral relief, *inter alia*, challenging the legality of his sentence. Petition, 12/15/15. The PCRA court denied relief, and Appellant timely appealed. PCRA Ct. Order, 11/22/16; Notice of Appeal, 12/20/16.

During the pendency of Appellant's appeal to this Court, our Supreme Court issued its decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (concluding that the retroactive application of the Sexual Offender Registration and Notification Act ("SORNA") violated constitutional prohibitions of *ex post facto* laws). Shortly thereafter, this Court determined that **Muniz** announced a new substantive rule and that "[t]he United States Constitution requires state collateral review courts to give retroactive effect to new substantive rules of constitutional law[.]" **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017) (citing **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016)). Because the appellant therein had timely sought collateral relief, we concluded that the appellant could amend his initial timely petition to include a **Muniz** claim. **Id.** at 679.

In this case, Appellant is similarly situated. Appellant challenged the legality of his sentence by timely filing a PCRA Petition. The PCRA court denied relief, and Appellant timely appealed. During the pendency of his appeal, **Muniz** issued. Expressly citing **Rivera-Figueroa**, we vacated the PCRA Court's Order and remanded for consideration of Appellant's **Muniz** claim. **Commonwealth v. Ramos**, No. 605 MDA 2017 (Judgment Order, filed 4/11/18).

On remand, the PCRA court misconstrued our prior Order. We did not remand with instructions for the court to entertain a new collateral petition and, therefore, consider whether this new petition was timely. *See* PCRA Ct. Op., 5/28/19. Rather, in citing ***Rivera-Figueroa***, we directed the PCRA court to consider Appellant's ***Muniz*** claim as an amendment to his initial, timely Petition.

Accordingly, we are constrained to vacate the PCRA Court's October 4th Order and again remand for further proceedings. On remand, the PCRA court shall consider Appellant's ***Muniz*** claim as an amendment to his initial, timely PCRA Petition.

Order vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/12/2020